**ORAL ARGUMENT NOT YET SCHEDULED**

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, *et al.*, <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, <br><br> *Respondent.* | Case No. 16-1033 (and consolidated case Nos. 16-1035; 19-1015; 20-1105 & 20-1504) |

**PARTIALLY UNOPPOSED MOTION TO GOVERN, REQUESTING DISMISSAL OF PETITION NO. 16-1033 AND THAT THE COURT SET A BRIEFING SCHEDULE IN THE REMAING CONSOLIDATED CASES**

Respondent United States Environmental Protection Agency ("EPA"), in each of these consolidated petitions for review and Industry Petitioners American Fuel & Petrochemical Manufacturers, *et al.,* in Petition No. 16-1033, and the Industry Intervenors and Movant-Intervenors in the other consolidated cases, jointly request that the Court (1) dismiss Petition No. 16-1033, (2) direct EPA to file within 30 days the certified indices to the administrative records for the actions challenged in the remaining consolidated cases, and (3) establish a briefing schedule in the remaining consolidated cases as set forth below. The undersigned

1

counsel for EPA has been authorized to state that the Environmental Petitioners in Petition Nos. 16-1035, 19-1015, 20-1105 and 20-1504 and the Movant-Environmental Intervenors in Petition No. 16-1033 do not oppose the dismissal of Petition No. 16-1033, but that they oppose the rest of EPA's and the Industry Intervenors' motion to govern, which requests that the Court establish a briefing schedule in the remaining petitions for review. EPA expects that the Environmental Petitioners will file their own motion to govern. The grounds for this motion are as follows:

1. In these consolidated cases the Environmental Petitioners have filed four petitions for review (Petition Nos. 16-1035, 19-1015, 20-1105 and 20-1504) which challenge a set of regulatory actions promulgated by EPA under the Clean Air Act that all pertain to the Petroleum Refinery Sector. These regulatory actions comprise EPA's petroleum refinery rules promulgated in 2015, amendments to those rules promulgated in 2018, and two decisions in 2020 denying administrative petitions for reconsideration. These agency actions are titled "Petroleum Refinery Sector Risk and Technology Review and New Source Performance Standards; Final Rule," 80 Fed. Reg. 75,178 (Dec. 1, 2015); "National Emission Standards for Hazardous Air Pollutants and New Source Performance Standards: Petroleum Refinery Sector Amendments; Final Rule," 83 Fed. Reg. 60,696 (Nov. 26, 2018); "National Emission Standards for Hazardous Air Pollutants: Petroleum Refinery

Sector: Action Denying a Petition for Reconsideration," 85 Fed. Reg. 6064 (Feb. 4, 2020); and "National Emission Standards for Hazardous Air Pollutants: Petroleum Refinery Sector: Action Denying a Petition for Reconsideration," 85 Fed. Reg. 67,665 (Oct. 26, 2020). These actions are collectively referred to herein as the "Petroleum Refinery Rules."

2) The Industry Petitioners in Petition No. 16-1033 challenge the 2015 rule described above. These Industry parties are also Intervenors and Intervenor-movants for Respondents in each of the four Environmental Petitioner petitions for review described above. Because the Industry Petitioners in 16-1033 no longer intend to raise any challenges to 2015 rule referenced above, EPA and those Industry Petitioners jointly request that Petition No. 16-1033 be dismissed at this time. As noted below, the Industry parties that are intervenors and movant-intervenors in the remaining consolidated cases intend to participate in that capacity in the briefing in these remaining cases.

3) In a separate action taken in 2024, EPA modified a discrete component of the standards for the petroleum refinery sector as well as for three other industry sectors. That action, titled "Emission Standards for Hazardous Air Pollutants: Ethylene Production, Miscellaneous Organic Chemical Manufacturing, Organic Liquids Distribution (Non-Gasoline), and Petroleum Refineries Reconsideration," 89 Fed. Reg. 23840 (April 4, 2024) (the "Chem Sector Rule"), is

challenged in a separate petition for review filed in this Court, *American Chemistry Council, et al. v. EPA,* No. 24-1174 (and consolidated case). EPA today has filed in that separate case a motion to hold that case in abeyance pending a decision by the Court resolving the remaining challenges to the Petroleum Refinery Rules in these consolidated cases.

4) These consolidated cases have been held in abeyance as EPA engaged in the administrative proceedings that resulted in the agency actions discussed above. Most recently, the Court directed the parties to file a motion or motions to govern further proceedings by November 15, 2024. Order, Doc. No. 2077756.

5) All administrative proceedings regarding the Petroleum Refinery Rules have now been completed, and the challenges to the Petroleum Refinery Rules by the Environmental Petitioners in the remaining consolidated cases (petition Nos. 16-1035, 19-1015, 20-1105 and 20-1504) are now ready for adjudication by the Court. There is no reason to delay such adjudication of these challenges.

6) EPA notes that it has also filed today motions to govern in three separate petitions for review that request that those cases be held in abeyance pending the resolution of the challenge to the Petroleum Refinery Rule in these consolidated cases. *See Rise St. James, et al., v. EPA,* Case No. 20-1336 (and consolidated case); *Huntsman Petrochemical LLC v. EPA*, Case No. 20-1414 (and

consolidated cases); *American Chemistry Council, et al., v. EPA,* Case No. 24-1174 (and consolidated case). As set out in those motions, given the nature of the issues, how the challenges to the Petroleum Refinery Rules in the instant consolidated cases are resolved may narrow or at least inform in part proceedings in those other cases.

7) Accordingly, EPA and the Industry Intervenors and Movant-Intervenors in the remaining consolidated cases request that the Court establish a briefing schedule in those cases, utilizing a single standard length opening brief and reply for the Environmental Petitioners and a single standard length response brief for EPA. EPA further requests that in any briefing schedule the Court establishes, that EPA be afforded 60 days to file its brief after the Environmental Petitioners file their brief. EPA and the Industry Intervenors and Movant-Intervenors also request that the Industry Intervenors and Movant-Intervenors for Respondent be granted a standard-length intervenor brief.

WHEREFORE, EPA and the Industry Petitioners and Intervenors and Movant-Intervenors request that the Court (a) dismiss Petition No. 16-1033; (b) direct EPA to file within 30 days the certified indices for judicial review for the Petroleum Refinery Rules; (c) and establish the briefing format and schedule proposed above in Paragraph 7.

Respectfully submitted,

*/s/ David Kaplan*
DAVID J. KAPLAN
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington D.C. 20044
Tel: (202) 514-0997
david.kaplan@usdoj.com

*Counsel for Respondent EPA*

*/s/ Elbert Lin (with permission)*
ELBERT LIN
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
(804) 788-7202
elin@HuntonAK.com

*Counsel for Petitioners American Fuel & Petrochemical Manufacturers and American Petroleum Institute*

**CERTIFICATE OF COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE 27(D) & 32(A)**

This motion complies with the requirements of Fed. R. App. P. 27(d)(2) because it contains 980 words, excluding any accompanying documents authorized by Fed. R. App. R. 27(a)(2)(B).

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

           /s/ David Kaplan
           DAVID KAPLAN

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2024, I electronically filed the foregoing pleading with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, which will accomplish service to participants in this case that are, as required, registered CM/ECF users.

/s/ David Kaplan<br>
DAVID KAPLAN